UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LIONEL LOMBARD, JR.                                    CIVIL ACTION

VERSUS                                                 NO. 11-2755

UNITED STATES DEPARTMENT OF STATE                      SECTION "F"

ORDER AND REASONS

Before the Court is the U.S. State Department's motion for summary judgment. For the reasons that follow, the motion is DENIED.

I. Background

Plaintiff, Lionel Lombard, is a U.S. citizen, who lived and did business in the United Arab Emirates between 2004 and 2010. Lomard asserts that in 2006 and between 2008 and 2010, he was falsely arrested, imprisoned and tortured while in the United Arab Emirates at the behest of a local company because of a business dispute. Plaintiff states that he had numerous contacts with the United States Consulates in both Abu Dhabi and Dubai during this time.

In November 2010, plaintiff wrote to the United States Department of State, requesting "all documents whether briefing papers, talking points, notes, letters written by me or about me from Consulars, diplomats, administrators, jail wardens,

1

policemen/women, etc., while I was detained in Dubai and Abu Dhabi, United Arab Emirates. Also, include any and all correspondence with the Dubai and/or Abu Dhabi courts." Plaintiff requested these documents under the Freedom of Information Act, Title 5, United State Code, Section 552. The State Department answered Lombard's request on April 5, 2012, and enclosed 99 documents, which the State Department says were responsive to plaintiff's request. Of the 99 documents, 98 were released in full, and one was released with some excisions, to protect the privacy of unrelated third parties.

Prior to the State Department's disclosure, Lombard sued the State Department in this Court. The State Department now moves for summary judgment.

## II. Summary Judgment Standard

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-

moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed.R.Civ.P. 56(c)(2). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

III. <u>Analysis</u>

Material fact issues remain in dispute in this case, which make summary relief patently inappropriate. Although the State Department casually notes in its motion for summary judgment that the State Department has made an "appropriate" response to the plaintiff's request for information under the Freedom of Information Act, the State Department submits no affidavits or other evidence to demonstrate that it has conducted a reasonable search. And conclusory allegations that it has made an appropriate response are insufficient to merit summary relief. <u>Nation Magazine v. U.S. Customs Serv.</u>, 71 F.3d 885, 890 (D.C. Cir. 1995). Plaintiff's specific identification of documents and notes that appear to be rationally related to particular events highlights the disagreement that exists between the parties over the sufficiency of the disclosure.[1]

---

[1] The plaintiff's opposition contains a sworn declaration that the State Department failed to disclose the following written materials, believed by plaintiff to exist:
- Notes or documents from a meeting in the summer of 2005 with an official from the U.S. Consulate in Abu Dhabi regarding racial discrimination that the plaintiff was experiencing in his business affairs with a local company, Emaar Properties;
- Documents related to Lombard's trip to the U.S. Consulate in Abu Dhabi, as well as correspondence with the Ambassador related to his dispute with Emaar Properties;
- Documents related to the legal representation he received, and into which the U.S. Consulate had inquired;
- Documents and notes taken by consular officials who visited the plaintiff while he was in jail for over 600 days;
- Correspondence between the Dubai Prison Office of Human Rights and the U.S. Consulate;
- Correspondence between Consular official Patricia Talbot and

4

Accordingly, IT IS ORDERED: the State Department's motion for summary judgment is DENIED.

New Orleans, Louisiana, August 31, 2012

/s/ Martin L. C. Feldman

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

- the Dubai Central Prison;
- Notes that Consular official Patricia Talbot took at plaintiff's bail hearing in 2009;
- Correspondence and documents related to the Consulate's contacts with Emaar Properties; and
- Documents related to charges being dropped against the plaintiff.